KINSLEY v. NORRIS & a.

A town is bound, like a natural person, by the entry of "Neither party," made in good faith by its agent in a suit of the town which he was authorized by a vote of the town to settle.

BILL IN EQUITY, by a citizen and tax-payer of Dorchester, to compel repayment to the town of money alleged to have been wrongfully received from the town by some of the defendants. Facts found by a referee. The town had brought suits against them for the same cause of action, and before this bill was filed those suits were entered "Neither party" by agreement between the defendants and an agent of the town authorized by vote of the town to settle them. For this reason, and also because the town is not made a party, the defendants move to dismiss.

*C. R. Morrison*, for the plaintiff.

*Bingham, Mitchells & Batchellor, Bingham, Aldrich & Remich, and Burleigh & Adams*, for the defendants.

STANLEY, J. A town by vote of a majority may release a debtor. *Ford* v. *Clough*, 8 Me. 334, 344; *Nelson* v. *Milford*, 7 Pick. 18. The town having duly authorized its agent to settle the suits, the town and its citizens and tax-payers are bound by a settlement made in good faith by him and the defendants. *Horn* v. *Whittier*, 6 N. H. 88; *Denniston* v. *School District*, 17 N. H. 429; *Carleton* v. *Bath*, 22 N. H. 559. The bill will be dismissed unless the plaintiff shows that the settlement was fraudulent, or beyond the range of municipal power. The town should be made a party, and for that purpose the plaintiff can move for leave to amend.

*Case discharged.*

ALLEN, BLODGETT, and CARPENTER, JJ., did not sit: the others concurred.